*209 Pfeifer, J.,
dissenting.
{¶ 22} At the time of Summitcrest, Inc.’s appeal to the Oil and Gas Commission in this case, the commission did not patently and unambiguously lack jurisdiction. R.C. 1509.36 provides, “Any person adversely affected by an order by the chief of the division of oil and gas resources management may appeal to the oil and gas commission for an order vacating or modifying the order.” Pursuant to former R.C. 1509.03(B), the issuance of a permit by the chief of the division constituted an order:
Any order issuing, denying, or modifying a permit or notices required to be made by the chief pursuant to this chapter shall be made in compliance with Chapter 119. of the Revised Code * * *. Every order issuing, denying, or modifying a permit under this chapter and described as such shall be considered an adjudication order for purposes of Chapter 119. of the Revised Code.
2011 Am.Sub.H.B. No. 153.
{¶ 23} Thus, the statutes provided that any person adversely affected by an order of the chief of the Division of Oil and Gas Resources Management may appeal to the commission to vacate or modify the order. Former R.C. 1509.03(B) provided that an order by the division that issues a permit is an adjudication order. These statutes, when read in pari materia, gave the commission jurisdiction over Summitcrest’s appeal.
{¶ 24} The 2012 amendment to R.C. 1509.03(B) — “Division (B)(1) of this section does not apply to a permit issued under section 1509.06 of the Revised Code”— clears up any ambiguity regarding the interplay of R.C. 1509.03(B) and 1509.06. 2012 Am.Sub.S.B. No. 315. But until that amendment, the commission did not unambiguously lack jurisdiction over appeals of the chief of the division’s granting of permits. Accordingly, I dissent.